# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS MARK BALES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:24-cv-03011-MDH** |
| | ) | |
| **LELAND DUDEK,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff Thomas Mark Bales appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of his application for supplemental security income under Title XVI of the Social Security Act. Plaintiff has exhausted his administrative remedies, and the matter is now ripe for judicial review. After careful review of the record, the Court finds that the administrative law judge's (ALJ) decision is affirmed.

## BACKGROUND

Plaintiff filed his application for supplemental security income on March 9, 2021 (Tr. 18). Plaintiff alleged that he became disabled on February 6, 2018, due to emphysema, a brain injury, hearing loss, hyperactive disorder, depression, stress, severe anxiety problems, an inability to be around people, and learning disabilities. (Tr. 18, 22). Plaintiff later amended the alleged onset date to March 9, 2021, coinciding with the protective filing date of his application for supplemental security income benefits. (Tr. 18).

The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; chronic obstructive pulmonary disease ("COPD"); and asthma. (Tr.

21). However, the ALJ found that he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 23). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with exceptions. The RFC stated Plaintiff can occasionally climb, stoop, kneel, crouch, crawl, and balance; avoid concentrated exposure to extreme temperatures, wetness, humidity, noise, vibration; and avoid even moderate exposure to pulmonary irritants and hazards. (Tr. 23). The ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 27). Relying on vocational expert testimony, the ALJ concluded that Plaintiff's impairments would not preclude him from performing other work that exists in significant numbers in the economy. (Tr. 28). Consequently, the ALJ found Plaintiff not disabled. (Tr. 28-29). Plaintiff brings this current action seeking to reverse and remand the Commissioner's decision.

## STANDARD

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), *citing Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id., citing Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004); *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome.

*Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id., citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

## DISCUSSION

Plaintiff argues five points on appeal including: (1) the ALJ committed reversible error in failing to analyze whether the Plaintiff's combination of impairments were medically equal to the criteria of listing 20 CFR Part 404, Subpart P, Appendix 1; (2) the determination of the Plaintiff's RFC is unsupported by substantial evidence as the ALJ failed to appropriately discuss the factors set forth in *Polaski*; (3) the ALJ erred in not considering age as a factor in Mr. Bales disability status; (4) the ALJ's determination that Plaintiff is not disabled and that he can do light work is not supported by substantial evidence as testimony established he was unable to engage in any substantial gainful activity; and (5) The ALJ did not have a good basis for his assessment of a Plaintiff's residual functional ability. The Court will take each argument in turn.

## I.      Combination of Impairments

Plaintiff argues that the ALJ did not evaluate whether the combination of all his severe impairment satisfy the requirements of any Listing under 20 CFR Part 404, Subpart P, Appendix 1. In particular, Plaintiff alleges the ALJ did not give a complete analysis, and the record is unclear as to which medical records and impairments were considered. Defendant argues that Plaintiff's argument is underdeveloped and therefore waived. Alternatively, Defendant argues Plaintiff failed to carry his burden to show that his impairments met or medically equaled a listing.

The determination of whether a claimant meets or equals an impairment described in the Listing of Impairments, 20 C.F.R., Part 404, Subpart P, Appendix 1, is made by the ALJ who has the responsibility to decide whether "medical equivalence" has been established. 20 C.F.R. § 416.926(e). An impairment is medically equivalent under the regulations if it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). To establish equivalence, a claimant "must present medical findings equal in severity to all the criteria for the ones most similar listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). If the ALJ finds that a claimant has an impairment that meets or equals of one of those listings, then the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(iii).

Here, the ALJ has made determinations that the Plaintiff does not meet or equals an impairment described in the Listing of Impairments. The ALJ has listed all of Plaintiff's alleged impairments and had made determinations finding that Plaintiff had severe impairments of degenerative disc disease of the cervical spine, COPD and asthma. (Tr. 21). The ALJ found that the claimant's severe impairments, singly or in combination with any other impairment, were not attended with the specific clinical signs and diagnostic findings required to meet or equal the requirements of any listed impairment as set forth in Appendix 1, Subpart P, Regulations No. 4. (Tr. 23). After review of the record this Court finds there is substantial evidence in the record to support the ALJ's finding. As such, the determination of the ALJ on the combination of impairments is affirmed.

## II.    RFC and the *Polaski* Factors

Plaintiff argues that the ALJ failed to consider anything beyond his previous medical record contrary to *Polaski*. Additionally, Plaintiff argues that the ALJ's decision stated that the

record did support Plaintiff had severe impairments, which resulted in functional limitations, but still ruled that Plaintiff had an RFC of light work despite substantial evidence to the contrary. Defendant argues that the ALJ pointed to objective evidence that undermined Plaintiff's allegations of physical and mental disability.

The claimant has the burden of proving that the disability results form a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. *Polaski v. Hecker*, 739 F.2d 1320, 1322 (8th Cir. 1984). The adjudicator must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Id*. Subjective complaints may be discounted if there are inconsistences in the evidence *Id*.

Here, the ALJ listed out his rationale for why he gave made his decisions regarding the assignment of severe impairments, non-severe impairments, and not medically determinable impairments. (Tr. 21-22). The ALJ noted Plaintiff's complaints and listed out why he believed they either were consistent or inconsistent with the evidence. *Id*. While the ALJ was not specific about the *Polaski* factors, the Court finds that there is substantial evidence in the record to support the ALJ's determination. As such the ALJ's determination as to this matter is affirmed.

III.     **Age as a Factor in Plaintiff's Disability Status**

Plaintiff argues the ALJ erred in finding Plaintiff as a "younger individual," because he was a borderline age case at the onset date which makes it a substantial factor when assessing his

RFC. Plaintiff asserts age as a substantial factor and the ALJ erred in not explaining on his RFC. Defendant argues the ALJ did explain that Plaintiff's case did not support the use of the higher age category.

A younger person is defined as someone under the age of 50. 20 C.F.R. § 404.1563(c). A younger person's age is not considered to seriously affect their ability to adjust to other work, however in some circumstances, a person aged 45-49 are more limited in their ability to adjust to other work than person who have not attained age 45. *Id*. A person closely approaching to advanced aged, age 50-54, will have their age considered along with a severe impairment(s) and limited work experience may seriously affect their ability to adjust to other work. 20 C.F.R. § 404.1563(d).

The record shows that the ALJ did raise that a borderline age situation exits, but applying the next age category would not result in disability as the claimant is capable of performing light work. (Tr. 27). The ALJ found that "the overall impact of the residual functional capacity, combined with the claimant's age, education, and work experience, do not support the use of the higher age category and, would still result in a finding of not disabled[.]" *Id*. The Court finds that there is substantial evidence in the record to support the ALJ's determination. As such the ALJ's determination as to age as a factor in Plaintiff's disability status is affirmed.

## IV.    Substantial Evidence as to Disability Determination and Residual Functional Capacity

Plaintiff argues that the Commissioner's decision is unsupported by substantial evidence. Specifically, Defendant failed to order any consultative medical exams and there was no good faith basis for finding Plaintiff able to do light work based on the limitations set out before the

ALJ in Plaintiff's brief filed before the hearing. Defendant argues the ALJ formulated Plaintiff's RFC and properly found he was not disabled.

The claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment. *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (citing *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). Past this point, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Id*. (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)).

As stated above, the claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment. The ALJ was not required to get any consultive medical exams so long as other evidence in the record provides a sufficient basis for the ALJ's decision. Here, the record included disability and work background reports (Tr. 219-350), medical records from the relevant period (Tr. 405-831) and the hearing transcript where testimony was provided by Plaintiff, his sister and counsel (Tr. 92-106). The Court finds that there was substantial evidence as to the disability determination and RFC. For the reasons stated, the ALJ's determination as to the disability determination and the RFC is affirmed.

**V.      Basis for Plaintiff's Residual Functional Capacity**

Plaintiff argues that the ALJ's hypothetical questions to the VE never addressed all the limitations in the record and summarily found him able to perform light work based upon non-examining mostly older consultative exams and non-examining physicians constituting clear error. Further, Plaintiff argues that the ALJ did not consider nor discuss the testimony of witnesses when determining the RFC which was also clear error.  Defendant argues the ALJ formulated Plaintiff's RFC and properly found he was not disabled.

"[A] claimant's RFC [is] based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quoting *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009)). It is the responsibility of the ALJ, not a physician, to determine a claimant's RFC. *Id*. An ALJ may rely on a vocation expert's response to a "properly formulated hypothetical question to meet her burden of showing that jobs exist in significant numbers which a person with the claimant's residual function capacity can perform." *Kraus v. Saul*, 988 F.3d 1019, 1026 (8th Cir. 2021) (quoting *Sultan v. Barnhart*, 368 F.3d 857, 864 (8th Cir. 2004)). A vocational expert's testimony "based on a properly phrased hypothetical question constitutes substantial evidence." *Id*. (quoting *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999)). A hypothetical question "is sufficient if it sets forth the impairments which are accepted as true by the ALJ. *Id*.

As discussed above, the ALJ had substantial evidence to formulate the RFC as he did. There was substantial evidence to formulate the RFC and the ALJ's hypothetical questions were consistent with the RFC that was posed to the vocational expert. For the reasons stated, the Court finds there was substantial evidence as to the RFC and the ALJ's hypothetical questions to the vocation expert. As such, the Court finds the ALJ's determination as to the RFC is affirmed.

## CONCLUSION

For the reasons set forth herein, the ALJ's final determination is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: February 24, 2025

 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**